## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

IMPULSORA DE MARCAS E
INTANGIBLES, S.A. DE C.V.

        *Plaintiff*,

v.

DOS AMIGOS, INC.

        *Defendant.*

CIVIL ACTION NO. 6:19-CV-00453

JURY TRIAL DEMANDED

## ORIGINAL COMPLAINT

Plaintiff Impulsora de Marcas e Intangibles, S.A. de C.V. ("IMI") files this Complaint against Defendant Dos Amigos, Inc. ("Dos Amigos") for trademark infringement. IMI owns the federally registered Sidral family of marks for beverages. IMI's exclusive licensee, Novamex, distributes and sells beverages under the Sidral family of marks. Defendant Dos Amigos has been and continues to infringe Plaintiff's trademarks by selling substantially similar beverages, bearing substantially similar packaging, under the name Sidral Gala.

Plaintiff files this complaint against Dos Amigos for trademark infringement both under federal and common law; false representations in commerce under federal law; and unfair competition under the laws of the State of Texas and common law. Plaintiffs seek injunctive relief and damages.

### PARTIES

1.    Plaintiff IMI is Mexican corporation with its principal place of business at Ave. General Anaya 601 Pte. Col. Bella Vista in Monterrey, Nuevo Leon.

2.      On information and belief, Defendant Dos Amigos is a California corporation with its principal place of business at 826 Orange Avenue 135, Coronado California 92118.

### JURISDICTION AND VENUE

3.      This is a trademark infringement action brought pursuant to the trademark laws of the United States, known as the Lanham Act, Title 15, United States Code § 1051 *et seq.* with supplemental state law claims for trademark infringement and unfair competition.

4.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338. Further, this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

5.      This Court has personal jurisdiction over Defendant because Defendant regularly transacts and conducts business in the State of Texas and this District and Defendant's contacts with the State of Texas and this District have been continuous, systematic, and substantial.

6.      On information and belief, Defendant maintains a warehouse and/or distribution center at 2220 Sanchez St, Laredo, TX 78040 ("Texas Warehouse").

7.      On information and belief, Defendant distributes its infringing Sidral Gala products in the State of Texas and in this District, including distributing such products from its Texas Warehouse.

8.      On information and belief, Defendant promotes its infringing Sidral Gala products on its website at www.dosamigos-inc.com.

9.      Defendant's website has stated that "[a]ll items are in stock and available for next-day pick-up," and allows distributors "to pick-up directly" from its Texas Warehouse.

10.     On information and belief, Defendant knowingly ships its infringing Sidral Gala products to distributors and retailers throughout the State of Texas and throughout this District.

For example, Defendant states on its website that it sells and distributes products to the following retailers: Walmart, Food City, Fiesta Mart, HEB, CVS pharmacy, and 99 Cents Only.

11.     On information and belief, Walmart, Food City, Fiesta Mart, HEB, CVS pharmacy, and 99 Cents Only have locations in this District.

12.     This Court's exercise of jurisdiction over Defendant does not offend traditional notions of fair play and substantial justice.

13.     Pursuant to 28 U.S.C. § 1391(c), Defendant is deemed to reside within this District for purposes of venue.

14.     Venue is proper within this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides and is doing business in this District, products labeled with the infringing "Sidral GALA" marks are sold in this District, and a substantial part of the events giving rise to the claims of this action occurred in this District.

## IMI AND ITS TRADEMARKS

15.     IMI, its predecessor(s) in interest, and/or its licensees have been marketing, distributing, and/or selling products under the name Sidral Mundet in Mexico since at least as early as June 27, 1973, and have held a Mexican Trademark for "Sidral MUNDET" since that time.

16.     IMI is the owner of the following federally registered Sidral trademarks (the "Sidral Marks"):

| Mark | Registration No. | Goods |
|---|---|---|
| SIDRAL MUNDET | 3,153,318 | IC 032 [Mineral and] aerated [waters and other] non-alcoholic beverages, namely, soft drinks and fruit juices; syrups and other preparations for making non-alcoholic beverages, namely, fruit drinks and carbonated soft drinks. |
|  | 3,401,755 | IC 032 Mineral and aerated waters and other non-alcoholic beverages, namely, soft drinks and fruit juices; syrups and other preparations for making non-alcoholic beverages, namely, fruit drinks and carbonated soft drinks |
|  | 5,204,550 | IC 032 non-alcoholic beverages, namely, soft drinks and fruit juices; syrups and other preparations for making non-alcoholic beverages, namely, fruit drinks and carbonated soft drinks |
|  | 5,221,934 | IC 032 non-alcoholic beverages, namely, soft drinks and fruit juices; syrups and other preparations for making non-alcoholic beverages, namely, fruit drinks and carbonated soft drinks |

| Mark | Registration No. | Goods |
|---|---|---|
| SIDRAL Mundet | 5,244,583 | IC 032 non-alcoholic beverages, namely, soft drinks and fruit juices; syrups and other preparations for making non-alcoholic beverages, namely, fruit drinks and carbonated soft drinks |

17.     Copies of the registration certificates for the Sidral Marks are attached as Exhibit A.

18.     Each of these registrations for the Sidral Marks is and has been in full force and effect and is valid in all respects.

19.     Registration No. 3,153,318 for "Sidral MUNDET" and Registration No. 3,401,755 for "SIDRAL MUNET" and design are incontestable under 15 U.S.C. § 1065.

20.     The Sidral Marks are registered in international class 32 and cover, among other things, soft drinks.

**IMI's Exclusive Licensee**

21.     Tipp Distributors, Inc. d/b/a Novamex ("Novamex") is IMI's exclusive licensee for the Sidral Marks in the United States.

22.     Established in 1986, Novamex is the leading importer and marketer of Mexican groceries in the United States, and has been involved in all aspects of marketing and distributing natural and organic brands to the United States and the rest of the world.

23.     For over thirty years, as IMI's exclusive licensee, Novamex has been using the Sidral Marks in connection with fruit-flavored beverages in its marketing and distribution of

Mexican grocery brands that are recognized, respected, and highly sought after in the Hispanic grocery market within the United States.

24.     Novamex uses the Sidral Marks as trademarks in connection with the marketing, advertising, offering for sale, and sale of fruit-flavored beverages (the "Licensed Products").

25.     Novamex has commercially used the Sidral Marks in connection with fruit-flavored non-alcoholic beverages since 1997.

26.     IMI and Novamex have devoted substantial time, money, and resources marketing, advertising, and promoting the Sidral Marks. As a result of these efforts and decades of use, IMI has acquired extraordinary goodwill and customer recognition in the Sidral Marks in connection with the Licensed Products.

27.     Plaintiff's Sidral Marks are valuable financial assets to its business.  Plaintiff has consistently used the Sidral Marks and are entitled to broad and exclusive rights to use the marks nationwide, including in the State of Texas and this District.

### DEFENDANT'S UNLAWFUL ACTIVITIES

28.     Defendant manufactures, distributes, markets, and sells certain foods, candies, snacks, and beverages.

29.     Defendant's products include a soft drink sold under the name "Sidral Gala."

30.     On information and belief, Defendant is currently using the "Sidral Gala" name in connection with the sales and distribution of its fruit-flavored beverage products at each of Defendant's warehouse locations, including its Texas Warehouse location.

31.     Through Defendant's website at dosamigos-inc.com, Defendant is using the "Sidral Gala" name in connection with the sale, offering for sale, distribution, and advertising of its goods, as illustrated below:



32.    Below is an image showing a licensed Sidral Mundet product next to Defendant's

infringing Sidral Gala product:



33.     Defendant's Sidral Gala packaging is substantially similar to the packaging for the Licensed Products, mimicking Plaintiff's protectable trade dress.

34.     Defendant's "Sidral Gala" name appears visually similar to the Sidral Mundet trademark on the Licensed Products.

35.     Similar to the Licensed Products, Defendant's Sidral Gala product packaging uses a single, large upright red apple with a green leaf.

36.     Defendant's product mimics the orange and yellow color scheme of the Licensed Products.

37.     Defendant's bottle is substantially the same size and shape as the Licensed Products, and even includes the same red cap of the Licensed Product.

38.     Plaintiff's protectable trade dress includes, among other things, the size and shape of the bottle, the product label's color scheme and graphics, and the size, shape, color, and location of the text, including Plaintiff's SIDRAL mark.

39.     Plaintiff's trade dress is distinctive of Plaintiff.

40.     Plaintiff's trade dress is inherently distinctive.

41.     Defendant's product portrays a similar commercial impression as the Licensed Products.

42.     Defendant's product is identical to the goods and services included on Plaintiff's registrations, namely, carbonated, non-alcoholic, fruit-flavored beverages.

43.     On information and belief, Defendant was aware of Plaintiff's Sidral Marks before it began selling its infringing Sidral Gala products.

44.     On information and belief, Defendant was aware of the licensed Sidral Mundet products before it selected the Sidral Gala name for its own product.

45.     On information and belief, Defendant was aware of the licensed Sidral Mundet products before it designed the packaging, namely the bottle and label, for its infringing Sidral Gala beverage.

46.     Defendant is not endorsed by, sponsored by, or affiliated with Plaintiff in any way.

47.     Defendant does not have Plaintiff's permission to use any of the Sidral Marks.

48.     Like the Licensed Products, Defendant's Sidral Gala products are primarily marketed to Hispanic consumers.

49.     Defendant advertises and promotes itself and its infringing Sidral Gala products in the same channels of commerce through which the Licensed Products are promoted and sold.

50.     Defendant's products are relatively inexpensive and single servings are typically offered for less than three dollars.  Due to the overwhelming similarity between Defendant's and the Licensed Products, as well as the inexpensive nature of the products, consumers are likely to mistake Defendant's products for Licensed Products.

51.     The image on the left shows an endcap display that includes Defendant's Sidral Gala products.  The image on the right shows an endcap display of a Licensed Product.

 

52.     On information and belief, Defendant was aware that Licensed Products under the Sidral Marks enjoy a high level of acceptance by the general public and Hispanic consumers.

53.     On information and belief, Defendant was aware of Plaintiff's Sidral Marks and Licensed Products when it selected the Sidral Gala name and designed its product packaging.

54.     Defendant's use of the Sidral Gala name in connection with its fruit-flavored beverage products is likely to cause consumer confusion and constitutes a violation of Plaintiff's federal and common-law trademark rights. Consumers are likely to be confused about the source of Defendant's Sidral Gala products or mistakenly believe that products offered by Defendant either originated from Plaintiff and/or its licensee, were offered in association or affiliation with Plaintiff and/or its licensee, or were offered under authorization or license from Plaintiff.

55.     Defendant knew or should have known that the selection and use of the name Sidral Gala would enable Defendant to trade on the extensive and valuable goodwill and reputation belonging to Plaintiff.

56.     In addition to having constructive notice of Plaintiff's federally registered Sidral Marks, Defendant received actual notice as early as May 19, 2017.  On or about January 31, 2017, Defendant attempted to obtain a federal trademark registration for SIDRAL GALA by filing trademark application Serial No. 87/319,389 ("the '389 Application").

57.     The USPTO refused to register Defendant' '389 Application.

58.     The examining attorney at the USPTO issued an Office Action on May 19, 2017 refusing to register Defendant's SIDRAL GALA trademark application due to the likelihood of confusion with several of Plaintiff's Sidral Marks.  A copy of the USPTO's May 19, 2017 Office Action is included as Exhibit B.

59.     The examining attorney at the USPTO determined that Defendant's SIDRAL GALA application was likely to cause confusion with Plaintiff's Sidral Marks especially due to the similarity of the marks, the similarity and nature of the goods and/or services, and the similarity of the trade channels of the goods and/or services.  *See* Exhibit B.

60.     Defendant responded on November 20, 2017 and argued, *inter alia*, that (1) SIDRAL was merely descriptive, (2) that there would be no likelihood of confusion between Plaintiff's Sidral Marks and Defendant's Sidral Gala mark. A copy of Defendant's response is attached as Exhibit C.

61.     In an office action dated January 22, 2018, the examining attorney at the USPTO again refused to register Defendant's Sidral Gala application. See Exhibit D.

62.     Specifically, the examining attorney determined, once again, that Defendant's SIDRAL GALA application was likely to cause confusion with Plaintiff's Sidral Marks especially due to the similarity of the marks, the similarity and nature of the goods and/or services, and the similarity of the trade channels of the goods and/or services.  See Exhibit D.

63.     Defendant then abandoned the '389 Application.

64.     Defendant also received actual notice of its infringement from Plaintiff at least as early as July 2017.

65.     On July 26, 2017, Plaintiff, through its counsel, sent a letter, a copy of which is attached as Exhibit E, to Defendant describing Plaintiff's rights in the Sidral Marks and requested that Defendant immediately stop infringing Plaintiff's Sidral Marks.

66.     Despite receiving Plaintiff's warning letter, Defendant continued selling its Sidral Gala products.

67.     On information and belief, Defendant's acts have been and are being committed with a deliberate purpose and intent of 1) appropriating and trading upon Plaintiff's goodwill and reputation and 2) competing with Plaintiff's Licensed Products for product sales, thereby injuring Plaintiff and Plaintiff's licensee Novamex.

68.     Defendant's continued unauthorized use of marks that are confusingly similar to the Sidral Marks is willful and intentional.

69.     As a result of Defendant's unauthorized use of the "Sidral GALA" marks, and its refusal to cease use, Plaintiff has suffered and will continue to suffer damages and irreparable harm to its goodwill and reputation, as well as its ability to distinguish its products from those of Defendant in the minds of consumers.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

70.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

71.     Defendant's use of the Sidral Gala name in connection with its Sidral Gala beverage product is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are made by or distributed by Plaintiff and/or Plaintiff's licensee Novamex, or are associated or connected with Plaintiff and/or Plaintiff's licensee, or have the sponsorship, endorsement, or approval of Plaintiff.

72.     Defendant's infringing Sidral Gala product is confusingly similar to Plaintiff's federally registered Sidral Marks in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

73.     Defendant's activities of marketing and selling its Sidral Gala beverage products are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by Plaintiff's Sidral marks, for which Plaintiff has no adequate remedy at law.

74.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's federally registered Sidral Marks.

75.     Defendant's infringement is causing and will continue to cause great and irreparable harm to Plaintiff.

76.     Defendant caused and is likely to continue causing substantial injury to the public and to Plaintiff.

77.     Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT II

### FEDERAL UNFAIR COMPETITION

78.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 69.

79.     Defendant's use of a confusingly similar imitation of Plaintiff's Sidral Marks and trade dress has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by Plaintiff and/or Plaintiff's licensee, or are affiliated, connected, or associated with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

80.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Sidral Marks and trade dress.

81.     Defendant has made false representations, false descriptions, and false designations of, on, or in connection with its goods in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

82.     Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by Plaintiff's Sidral Marks, for which Plaintiff has no adequate remedy at law.

83.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Sidral Marks to the great and irreparable injury of Plaintiff.

84.     Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff. Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## COUNT III

### COMMON-LAW TRADEMARK INFRINGEMENT

85.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 69.

86.     Plaintiff owns all rights (including all common-law rights), title, and interest in and to the Sidral Marks through the licensed use of the marks over years, as well as the trade dress for the Licensed Products, including the trade dress associated with the licensed Sidral Mundet product. One or more of the Sidral Marks and trade dress have derived a secondary meaning that customers associate with Plaintiff. Plaintiff is therefore entitled to be free of competitive use of the unregistered names, logos, trade dress, and other designs confusingly similar to the Sidral Marks.

87.     Plaintiff is the senior user of the Sidral Marks and trade dress.

88.     Defendant's use of "Sidral Gala" in connection with its goods in Texas and elsewhere creates a likelihood of confusion and has caused or will cause actual confusion in the minds of the consuming public as to the source of the infringing goods.

89.     Defendant's product packaging in connection with its infringing Sidral Gala products in Texas and elsewhere creates a likelihood of confusion and has caused or will cause actual confusion in the minds of the consuming public as to the source of the goods.

90.     Defendant's acts constitute trademark infringement in violation of the common law of the State of Texas.

91.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Sidral Marks and trade dress.

92.     On information and belief, Defendant intends to continue its infringing actions, unless restrained by this Court.  The actual and/or likely confusion resulting from Defendant's use of Plaintiff's trademarks and trade dress in connection with Defendant's Sidral Gala products causes irreparable harm to Plaintiff that cannot be adequately compensated with damages. Plaintiff is therefore entitled to preliminary and permanent injunctive relief as requested herein.

93.     Plaintiff has sustained damage as a direct and proximate result of Defendant's infringement in an amount to be proven at trial.


### COUNT IV

### STATE UNFAIR COMPETITION TEXAS BUS. & COMM. CODE, § 16.29

94.     Plaintiff incorporates by reference the allegations in the paragraphs 1 through 69.

95.     The actions of Defendant complained of above constitute unfair competition in violation of the law of the State of Texas.

96.     Defendant's use of Sidral Gala, alone and in combination with other aspects of Defendant's mark and product packaging is calculated to deceive the relevant consuming public into accepting and purchasing Defendant's goods in the mistaken belief that they are Licensed

Products, or that they are sponsored by, connected with, or supplied under the supervision of Plaintiff and/or Plaintiff's licensee.

97.     Defendant's actions constitute unfair competition, unjust enrichment, and misappropriation of Plaintiff's rights under Tex. Bus. & Comm. Code, § 16.29 and the common law of the State of Texas.

98.     Such actions permit, and will continue to permit, Defendant to use and benefit from the goodwill and reputation earned by Plaintiff to readily obtain customer acceptance of the goods and services offered for sale, and to give Defendant's goods and services a salability they would not otherwise have, all at Plaintiff's expense.

99.     As a result of Defendant's acts, Plaintiff has already suffered damage and will continue to suffer damage, while Defendant profits at Plaintiff's expense. Defendant's activities entitle Plaintiff to Defendant's profits and to damages for such acts of unfair competition.

100.    Unless Defendant is enjoined, Plaintiff has no adequate remedy at law and will be irreparably harmed.

101.    Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Sidral Mundet products and to unfairly compete with Licensed Products.

102.    Defendant's acts complained of herein have been and are grossly negligent, deliberate, willful, intentional, in bad faith, malicious, with full knowledge and conscious disregard of Plaintiff's rights and with intent to cause confusion, and to trade off Plaintiff's vast good will in its trademarks, making this an exceptional case and entitling Plaintiff to enhanced damages and attorney's fees.

## COUNT V: COMMON LAW UNFAIR COMPETITION

103.    Plaintiff incorporates by reference the allegations in the paragraphs 1 through 69.

104.    Defendant's activities complained of constitute common law unfair competition under Texas common law in that they are likely to cause consumers to believe that Defendant's products originate from the same source as, or are sponsored or approved by Plaintiff, or that there is an association, affiliation or connection between Defendant and Plaintiff.

105.    Upon information and belief, Defendant's actions are with the knowledge of Plaintiff's trademarks and the Licensed Products and with the intent to cause confusion and/or trade on Plaintiff's reputation and goodwill.

106.    Plaintiff has and will continue to be irreparably harmed and damaged by Defendant's conduct and Plaintiff lacks an adequate remedy at law to compensate for this harm and damage

## DEMAND FOR JURY TRIAL

107.    Plaintiff demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter an order awarding Plaintiff the following relief:

a.    A judgment that Defendant, along with its officers, agents, servants, affiliates, employees, related companies, attorneys, and those in privity or acting in concert with Defendant, be preliminarily and permanently enjoined from the following:

1.    Using "Sidral Gala" and any confusing and deceptively similar name or mark to the Sidral Marks alone or in combination with any words, names, or symbols, to offer products similar to Plaintiff's Sidral Marks;

2. Using any confusingly similar mark or engaging in any other conduct that is likely to cause confusion, cause mistake, deceive, or otherwise mislead the public into believing that Defendant or Defendant's products are in some way connected to Plaintiff or the Licensed Products;

3. Using any confusingly similar product packaging that is likely to cause confusion, cause mistake, deceive, or otherwise mislead the public into believing that Defendant or Defendant's products are in some way connected to Plaintiff or the Licensed Products; and

4. Otherwise infringing upon any trade name or trademark rights of Plaintiff.

b. That pursuant to the powers granted this Court under 15 U.S.C. § 1118, the Court issue an order directing Defendant to remove and destroy all products, displays, labels, signs, circulars, packages, wrappers, advertisements, signs, catalogs, and other material in Defendant's possession or control that display or use the "Sidral Gala" name, as well as all plates, molds, matrices, and other means of reproducing, counterfeiting, copying, or otherwise imitating Plaintiff's Sidral Marks;

c. That Plaintiff recovers its damages resulting from Defendant's infringement, unfair competition, and other wrongful conduct described herein;

d. That Plaintiff recovers its damages for injury to the Sidral Marks resulting from Defendant's use of the "Sidral Gala" name;

e. That Plaintiff recovers Defendant's wrongful profits, if any, from Defendant's infringement, unfair competition, and other wrongful conduct described herein;

f.      That Defendant be directed to file with this Court within thirty (30) days after the entry of any injunction in this cause a written statement under oath setting forth in detail the manner in which Defendant has complied with the injunction;

g.      That, pursuant to the provisions of 15 U.S.C. §1117, reasonable attorneys' fees be awarded to Plaintiff;

h.      That Plaintiff recovers its costs in this action; and

i.      That Plaintiff recovers such other and further relief as the Court may deem appropriate.


August 6, 2019                                  Respectfully submitted,

                                                 _/s/ Justin S. Cohen_
                                                **Justin S. Cohen**
                                                   State Bar No. 24078356
                                                   Justin.Cohen@tklaw.com
                                                **Richard L. Wynne Jr.**
                                                   State Bar No. 24003214
                                                   Richard.Wynne@tklaw.com
                                                **Catherine Reynolds** *(admission pending)*
                                                   State Bar No. 24107599
                                                   Catherine.Reynolds@tklaw.com

                                                **THOMPSON & KNIGHT LLP**
                                                One Arts Plaza
                                                1722 Routh St., Suite 1500
                                                Dallas, Texas 75201
                                                214.969.1700
                                                214.969.1751 (Fax)

                                                **ATTORNEYS FOR PLAINTIFF**