# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| IMPULSORA DE MARCAS E INTANGIBLES, S.A. DE C.V. *Plaintiff*, v. DOS AMIGOS, INC. AND PAFER FOODS & BEVERAGES S. DE R.L. DE C.V *Defendants*. | 6:19–CV–453–ADA–JCM JURY TRIAL DEMANDED |

## DECLARATION OF JUSTIN S. COHEN

1. My name is Justin S. Cohen. I am over 21 years of age, of sound mind, and otherwise competent to make this declaration. All of the facts stated in this declaration are within my personal knowledge and are true and correct. I acquired my personal knowledge during the course and scope of my work as lead counsel for Plaintiff Impulsora de Marcas e Intangibles, S.A. de C.V. ("IMI"). I am submitting this declaration in support of IMI's motion for costs and attorneys' fees associated with the nonappearance of Pablo Paoli at his March 5, 2021 deposition ("the Motion").

2. I am a partner at the law firm of Thompson & Knight LLP, in Dallas, Texas. I was admitted to practice law in the State of Michigan in 2007 and admitted to practice law in the State of Texas in 2011.

3. My personal knowledge of the matters discussed in this declaration is based on my position and experience as an attorney, my related professional activities, my personal knowledge of the associate discussed, my personal involvement as the lead attorney for IMI on this matter, and my personal review of the documents discussed in this declaration.

4. I have been principally responsible for handling the day-to-day activities in this lawsuit for IMI. I have drafted or reviewed all of the motions, briefs, and other pleadings in this

case, including the Motion. I have also been responsible for supervising the work done by other lawyers, paralegals, or staff working for IMI in this matter.

5. My hourly rate on this case is $770. The hourly rate of the associate, Dina W. McKenney, for her work on this case is $655. Based on my knowledge of standard rates in Texas for individuals with similar experience, this hourly rate and amount of time billed is reasonable and justified for a matter of this nature.

6. My law firm's records show that IMI has incurred at least $12,304.50 in reasonable and necessary fees for my and Ms. McKenney's work associated with Mr. Paoli's nonappearance. Specifically, our records reflect at least the following work:

| Timekeeper | Task | Time | Total |
| --- | --- | --- | --- |
| Justin Cohen | Prepare for deposition of Mr. Paoli | 3.5 hours | $2,695 |
| Justin Cohen | Attend deposition of Mr. Paoli and confer with opposing counsel regarding nonappearance | 0.6 hours | $462 |
| Dina McKenney | Confer with opposing counsel and J. Cohen regarding deposition and nonappearance | 2 hours | $1,310 |
| Justin Cohen | Confer with opposing counsel and D. McKenney regarding outstanding discovery issues, including nonappearance | 2 hours | $1,540 |
| Dina McKenney | Prepare brief regarding outstanding discovery issues | 2.5 hours | $1,637.50 |
| Justin Cohen | Review and revise discovery brief | 1.5 hours | $1,155 |
| Dina McKenney | Prepare motion for attorneys' fees and costs associated with Mr. Paoli's nonappearance | 5 hours | $3,275 |
| Justin Cohen | Review motion for attorneys' fees and costs associated with Mr. Paoli's nonappearance | 2 hours | $1,540 |
| **Total:** | | | **$13,614.50** |

7. In my opinion, the amount of the requested attorneys' fees is reasonable under the factors and analyses discussed in *Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983) and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Under those cases, a court may

consider: (i) the time and labor required; (ii) the questions' novelty and difficulty; (iii) the required legal skill; (iv) the preclusion of other employment; (v) the customary fee; (vi) whether the fee is fixed or contingent; (vii) the time limits imposed by the client or circumstances; (viii) the amount involved and the results obtained; (ix) the attorneys' experience, reputation, and abilities; (x) the case's undesirability; (xi) the attorney's relationship with the client; and (xii) awards in similar cases. On balance, most of the factors support IMI's fee request; none of them warrants a decrease in the lodestar fee.

8. In conclusion, it is my opinion that the total amount of reasonable and necessary attorneys' fees and expenses incurred by IMI in connection with the Motion is at least $12,304.50. In fact, the amount of attorneys' fees incurred is likely higher, as this amount does not include time devoted to preparing the reply in support of the Motion and preparing and attending any hearing on the Motion. It also does not include time spent by the paralegal assembling and finalizing briefs and exhibits thereto.

9. Upon request by the Court, true and correct copies of the billing documents supporting the foregoing will be provided.

10. Attached to this declaration are true and correct copies of the following:

| Exhibit A: | Invoice from Lexitas for Mr. Paoli's nonappearance |
| --- | --- |
| Exhibit B: | Invoice from Elaine Kellam & Associates for Mr. Paoli's nonappearance |
| Exhibit C: | Plaintiff's Notice of Corporate Representative Deposition of Defendant Pafer |
| Exhibit D: | February 18, 2021 Email Thread |
| Exhibit E: | Plaintiff's Amended Notice of Corporate Representative Deposition of Defendant and Notice of Deposition of Pablo Paoli |

| Exhibit F: | Plaintiff's Second Amended Notice of Corporate Representative Deposition of Defendant Pafer and Amended Notice of Deposition of Pablo Paoli |
|---|---|
| Exhibit G: | February 25, 2021 Email Thread |
| Exhibit H: | March 4, 2021 Email Thread |
| Exhibit I: | Notice of Nonappearance |
| Exhibit J: | March 5, 2021 Email Thread |
| Exhibit K: | March 15, 2021 Email Thread |

11. Additionally, in response to Pafer's February 12, 2020 disclosure of almost $7 million on sales revenue, IMI retained an expert to testify regarding Pafer's profits and spent considerable time attempting to unearth the basis for this $7 million figure. It was not until March 10, 2020 that Pafer disclosed—via its amended expert report—that the $7 million figure was due to a failure to convert supporting data from pesos to U.S. dollars.

12. I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 17, 2021.

                                               */s/ Justin S. Cohen*
                                               Justin S. Cohen