IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| IMPULSORA DE MARCAS E INTANGIBLES, S.A. DE C.V.<br><br>*Plaintiff*,<br>v.<br><br>DOS AMIGOS, INC. AND PAFER FOODS & BEVERAGES S. DE R.L. DE C.V<br><br>*Defendants*. | 6:19–CV–453–ADA–JCM<br>JURY TRIAL DEMANDED |

# PLAINTIFF'S MOTION FOR COSTS AND ATTORNEYS' FEES

Per the Court's order (ECF No. 80), Plaintiff Impulsora de Marcas e Intangibles, S.A. de C.V. ("IMI") files this Motion for Costs and Attorneys' Fees (the "Motion"). By its Motion, IMI requests that Defendant Pafer Foods & Beverages S. De R.L. de C.V ("Pafer") and Mr. Paoli pay the costs and attorneys' fees associated with the nonappearance of Pablo Paoli at his March 5, 2021 deposition. As described below, Defendant Pafer and Mr. Paoli's conduct violates the Federal Rules of Civil Procedure, and therefore an award of IMI's costs and attorneys' fees is proper under both Rule 37 and this Court's inherent authority. Accordingly, IMI requests the Court order Pafer and Mr. Paoli to pay IMI $14,148.60

1.   **Factual Background**

   A.   Mr. Paoli's Deposition

Pursuant to the Agreed Order Governing Discovery Schedule (ECF No. 62), IMI had until February 26, 2021 to depose the corporate representative of Defendant Pafer, which was going to be Mr. Paoli. IMI originally noticed this deposition to occur on February 22, 2021. Ex. 1-C. In response to this notice, Defendants' counsel stated that Mr. Paoli was available for a deposition "the week of March 1 to speak for Pafer." Ex. 1-D. To accommodate Mr. Paoli's availability, IMI originally served amended notices for the deposition, setting the deposition for March 1, 2021. Ex. 1-E. Due to a scheduling conflict, on February 22, 2021, IMI served amended notices setting the deposition for March 5, 2021, in accordance with Mr. Paoli's availability. Ex. 1-F. Counsel for IMI confirmed in an email on February 25 that the deposition would proceed. Ex. 1-G.

Pafer did not serve objections to IMI's deposition notices, did not file a motion to quash, and did not file a motion for a protective order.

**Plaintiff's Motion for Costs and Attorneys' Fees – Page 1**

The day before the deposition was to occur counsel for Defendants notified counsel for Plaintiff that they would not be appearing at the deposition and it would be "reschedule[d] if and when the court grants leave [to extend discovery]." Ex. 1-H. Defendants did not offer new dates for the deposition. By this email, Defendants explicitly conditioned the appearance of Pafer's corporate representative on Defendants' request for an extension of the discovery deadline, a request that IMI opposed. *See* ECF No. 78. Defendants' intended message was clear: Mr. Paoli would appear for a deposition only if IMI agreed to extend the discovery period.

Counsel for IMI responded, noting that (1) the deposition was noticed on a day that Defendants provided, (2) Defendants had waited until the eve of the deposition to advise of their sudden unavailability, (3) Defendants had never moved for a protective order. *Id.* Accordingly, the deposition would proceed.

Nonetheless, Defendants failed to appear at the deposition the next day. *See* Ex. 1-I, Notice of Nonappearance. Counsel for IMI contacted Defendants to inquire if they—and Mr. Paoli—would be attending the deposition. Ex. 1-J. Counsel for defendants responded that the notice was "invalid" and they would not be appearing. *Id.*

B.    Why Mr. Paoli's Deposition was Important

A major issue in this litigation has been Defendants' revenue and costs associated with the sale of Sidral Gala. Obtaining basic discovery regarding their revenue and costs—and other topics—has been a difficult task. Pafer was required to respond to IMI's discovery requests, which included RFPs and an interrogatory directed to sales revenue and costs of Sidral Gala, by January 19. Per the Court's order [ECF 62], Pafer's "responsive document productions and interrogatory responses shall be substantially complete" by January 19. However, Pafer neither provided financial information nor answered Interrogatory No. 3 on January 19. Ex. 3 [Pafer Jan.

**Plaintiff's Motion for Costs and Attorneys' Fees – Page 2**

19 Rog Response to #3]. IMI then began the process of moving to compel this and other relevant information.

On February 12, 2021, Defendants served an expert report for Mr. Marcus Reading,[1] which disclosed—for the first time—that Pafer's revenue from the sale of Sidral Gala is almost ▮▮▮▮▮. Ex. 5 at 6. Given Mr. Paoli's previous testimony regarding the Sidral Gala, this number was striking, and the testimony of Pafer's corporate representative was essential to understand the factual basis for this number as well as Pafer's costs. To assist in this process, IMI retained an expert. Cohen Decl. ¶ 11. But IMI was prevented from obtaining these facts when Mr. Paoli failed to appear for his deposition on March 5. Pafer later confirmed this number in its supplemental discovery responses on March 5, which were verified by Mr. Paoli. Ex. 4.

Counsel for Pafer made it clear that Pafer's deposition would not proceed absent concessions from IMI on extending the discovery deadline. So IMI proceeded with the deposition of Defendants' expert, Mr. Reading, which was scheduled for March 11. The day before Mr. Reading's deposition, Defendants served an amended expert report for Mr. Reading. Mr. Reading's March 10 amended report drastically changed the amount of Pafer's sales revenue to ▮▮▮▮▮. Ex. 6. At his deposition, Mr. Reading testified that this ▮▮▮▮▮ **difference** was because he had failed to convert Pafer's numbers from pesos to U.S. dollars, even though the spreadsheets from Pafer were in dollars. Ex. 7, Reading Tr. 70:20–71:15. Mr. Reading also testified that he notified counsel for Defendants of this error within a few days of his February 12, 2021 report. *Id.* 72:13–74: 8. Yet, inexplicably, Defendants waited almost a month to notify IMI of this issue. During that time, IMI retained an expert and spent considerable time attempting to

---

[1] As will be explained in IMI's future motion to exclude, the testimony of Mr. Reading should be excluded for multiple reasons.

**Plaintiff's Motion for Costs and Attorneys' Fees – Page 3**

decipher Pafer's revenue and cost information based on the data provided and Mr. Reading's report. Cohen Decl. ¶ 11.

        C.    <u>Costs and Attorneys' Fees associated with Mr. Paoli's Nonappearance</u>

IMI has spent significant time associated with Mr. Paoli's Nonappearance. Cohen Decl. ¶ 6. In addition to preparing for Mr. Paoli's deposition and taking the nonappearance, IMI has had to prepare its discovery brief as well as this Motion. *Id.*

The amount of time IMI spent on matters relating to Mr. Paoli's deposition was exacerbated for several reasons, such as Pafer's refusal to comply with this Court's order regarding discovery and Mr. Reading's report. Notably, Mr. Reading notified Defendants of the ▮▮▮▮▮▮ error around February 14. Yet, instead of promptly notifying IMI of the error, Pafer served an interrogatory response confirming the almost ▮▮▮▮▮▮ revenue number on March 5. Defendants' counsel then waited until March 10—the day before Mr. Reading's deposition—to serve an amended expert report. But during that time, IMI was forced to retain an expert and to prepare for Pafer's corporate representative regarding the purported ▮▮▮▮▮▮ in revenue.

IMI has also spend considerable time attempting to resolve these issues without Court intervention. Most recently, Defendants contacted IMI asking for a proposal to resolve the issue without the need for motion practice. Ex. 1-K. Unfortunately, as has become the norm in this litigation, in an apparent attempt to gain leverage following its improper conduct, Defendants conditioned its request on an unrelated issue, this time—the payment of Mr. Reading's fee for the deposition. *Id.* Notably, however, IMI had never received a request for payment of this fee.

Nonetheless, in an effort to avoid (1) having to incur the expense to prepare this Motion and (2) burdening this Court with even more motion practice, IMI submitted a proposal to resolve both issues. *Id.* Defendants balked, taunting IMI's counsel that he "would bet [IMI will] end up owing

**Plaintiff's Motion for Costs and Attorneys' Fees – Page 4**

[Defendants] several thousand" and that IMI would be "forced to pay [its counsel] to go through the motions." *Id.* Future discussions regarding the issues were unsuccessful, thus necessitating the filing of this Motion.

**2.     Legal Standard**

"Under Rule 37 of the Federal Rules of Civil Procedure, a court may impose sanctions on a party if the party fails to attend its own deposition." *Morgan v. McDonald's Corp.*, 3:14-CV-1618-D, 2015 WL 799047, at *3 (N.D. Tex. Feb. 25, 2015); *see* FED. R. CIV. P. 37(d)(1) ("The court where the action is pending may, on motion, order sanctions if … a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition."). "Appropriate sanctions may include an order dismissing the action in whole or in part, and the district court's discretion to impose that sanction is broad." *Morgan*, 2015 WL 799047, at *3.

Additionally, "the court ***must*** require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3). As the Fifth Circuit has noted, sanctions under Rule 37 serve the dual function of reimbursing the moving party and deterring future conduct. Sanctions under Rule 37 serve the dual function of reimbursing the moving party and deterring the violator of the discovery orders. *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986).

In addition to Rule 37, "a court may exercise its inherent powers to sanction discovery abuses and to discipline attorneys who engage in obstructive behavior." *Ross v. Dejarnetti*, CV 18-11277, 2021 WL 24706, at *3 (E.D. La. Jan. 4, 2021); *see Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993) (noting that the Court has "inherent power to

sanction bad faith conduct"). "An award of attorneys' fees against a party that has acted in bad faith is one such permissible sanction." *ATD Combustors, LLC v. Ameritube, LLC*, 6-18-CV-00077-ADA, 2019 WL 7759098, at *3 (W.D. Tex. Sept. 30, 2019).

**3.   Arguments and Authorities**

   A.   <u>An award of attorneys' fees and costs is proper for Defendants' violation of the discovery rules.</u>

Despite Defendants' unsupported contention that the notice was "invalid," IMI properly noticed Pafer's Rule 30(b)(6) and Mr. Paoli's Rule 30(b)(1) deposition. *See* Fed. R. Civ. P. 30(b)(1), (6). On February 22, 2021, Defendants noticed the deposition to occur on March 5, 2021, which was a date that Defendants' counsel stated that Mr. Paoli was available for the deposition. Ex. 1-D. And IMI confirmed with Defendants on February 25, 2021 that the deposition would proceed. Ex. 1-G. Defendants did not state that Mr. Paoli had become unavailable. Defendants never moved for a protective order nor to quash. Indeed, Defendants waited until the day before the deposition to notify IMI that Defendants were suddenly unavailable. Ex. 1-H.

But even assuming that this sudden unavailability was a valid reason for postponing the deposition, the proper course of conduct would have been to set a date to reschedule the deposition. Instead, Defendants conditioned rescheduling the deposition on IMI's agreement to an extension of the discovery period, to which IMI is opposed. Pafer never provided a new proposed date for this deposition. Unfortunately, this type of conduct from counsel for Defendants has become the norm. Indeed, Dos Amigos, Mr. Paoli, and Mr. Lobbin have previously been sanctioned over $30,000 for discovery abuse. Ex. 2. But apparently, Defendants remain undeterred.

This is a clear-cut example of discovery abuse, and this Court should not countenance the type of gamesmanship advanced by Defendants in this matter. There is no dispute that Mr. Paoli failed to appear for a properly scheduled and noticed deposition. Of course, Defendants cannot unilaterally cancel a properly noticed deposition. Nor can they use the scheduling of a party deposition as leverage to obtain concessions on other issues, such as an extension to the schedule. *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 148 (S.D.N.Y. 2014) (rejecting the argument that a party was justified in cancelling a deposition at the last minute without the filing of a motion of protective order based solely on a separate discovery dispute). Additionally, counsel have an obligation not to vexatiously increase the cost of litigation. *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 584 (5th Cir. 2008).

Simply put, Defendants should not be permitted to flout the rules and orders of this Court, and an award of costs and attorneys' fees is proper under Rule 37 and under this Court's inherent authority. *See, e.g.*, *Morgan*, 2015 WL 799047, at *3 ("Under Rule 37 of the Federal Rules of Civil Procedure, a court may impose sanctions on a party if the party fails to attend its own deposition."); *ATD Combustors, LLC v. Ameritube, LLC*, 6-18-CV-00077-ADA, 2019 WL 7759098, at *3 (W.D. Tex. Sept. 30, 2019) ("An award of attorneys' fees against a party that has acted in bad faith is one such permissible sanction [under the Court's inherent authority].").[2]

---

[2] To avoid an award of fees and expenses under Rule 37(d)(3), Defendants must prove that their conduct was "substantially justified" or that other circumstances make an award of expenses unjust. *See Holmes v. N. Texas Health Care Laundry Coop. Ass'n*, No. 3:15-CV-2117-L, 2016 WL 1366269, at *9 (N.D. Tex. Apr. 6, 2016) (finding that non-movant did not establish that her nondisclosures and objections were substantially justified and must pay movant's reasonable attorneys' fees and costs); *Orthoflex, Inc. v. ThermoTek, Inc.*, No. 3:10-CV-2618-D, 2015 WL 4486756, at *8 (N.D. Tex. July 23, 2015) ("The burden is on [the nonmoving party] to show that its actions were substantially justified."). Defendant's conduct is "substantially justified under Rule 37 if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Orthoflex*, 2015 WL 4486756, at *8 (quoting

B. **IMI incurred $14,148.60 in costs and expenses for Mr. Paoli's nonappearance, and those costs and expenses are reasonable.**

IMI has incurred at least $13,614.50 for attorneys' fees associated with Mr. Paoli's nonappearance. The following chart outlines these fees:

| Timekeeper | Task | Time | Total |
|---|---|---|---|
| Justin Cohen | Prepare for deposition of Mr. Paoli | 3.5 hours | $2,695 |
| Justin Cohen | Attend deposition of Mr. Paoli and confer with opposing counsel regarding nonappearance | 0.6 hours | $462 |
| Dina McKenney | Confer with opposing counsel and J. Cohen regarding deposition and nonappearance | 2 hours | $1,310 |
| Justin Cohen | Confer with opposing counsel and D. McKenney regarding outstanding discovery issues, including nonappearance | 2 hours | $1,540 |
| Dina McKenney | Prepare brief regarding outstanding discovery issues | 2.5 hours | $1,637.50 |
| Justin Cohen | Review and revise discovery brief | 1.5 hours | $1,155 |
| Dina McKenney | Prepare motion for attorneys' fees and costs associated with Mr. Paoli's nonappearance and supporting declaration | 5 hours | $3,275 |
| Justin Cohen | Review motion for attorneys' fees and costs associated with Mr. Paoli's nonappearance and supporting declaration | 2 hours | $1,540 |
| **Total:** | | | **$13,614.50** |

Cohen Decl. ¶ 6. In fact, the amount of attorneys' fees incurred is actually higher, as the above amount does not include time devoted to preparing the reply in support of the Motion and preparing

---

*S.E.C. v. Kiselak Capital Grp., LLC*, No. 4:09-CV-256-A, 2012 WL 369450, at *5 (N.D. Tex. Feb. 3, 2012)).

      Defendant cannot meet its burden. There can be no genuine dispute that a party served with a notice of deposition must appear for the deposition. Failing to do so is clearly improper. *See John Wiley & Sons, Inc.*, 298 F.R.D. at 148 (rejecting the argument that a party was justified in cancelling a deposition at the last minute without the filing of a motion of protective order based solely on a separate discovery dispute). Accordingly, Defendants' conduct is not justified, there are no other circumstances that would make an award of fees and expenses unjust, and IMI is entitled to its expenses and attorneys' fees.

and attending any hearing on the Motion. *Id.* ¶ 8. It also does not include time spent by the paralegal assembling and finalizing briefs and exhibits thereto. *Id.*

The amount of the requested attorneys' fees is reasonable under the factors and analyses discussed in *Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983) and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Under those cases, a court may consider: (i) the time and labor required; (ii) the questions' novelty and difficulty; (iii) the required legal skill; (iv) the preclusion of other employment; (v) the customary fee; (vi) whether the fee is fixed or contingent; (vii) the time limits imposed by the client or circumstances; (viii) the amount involved and the results obtained; (ix) the attorneys' experience, reputation, and abilities; (x) the case's undesirability; (xi) the attorney's relationship with the client; and (xii) awards in similar cases. On balance, most of the factors support IMI's fee request; none of them warrants a decrease in the lodestar fee. Cohen Decl. ¶¶ 7, 8.

Additionally, IMI incurred $309.10 from the court reporting service and $225 from the Spanish interpreter for fees associated with the nonappearance. Exs. 1-A and 1-B.

In sum, IMI is entitled to reimbursement of $14,148.60 for attorneys' fees and costs.

**4.    Conclusion**

For the foregoing reasons, IMI requests the Court order Defendants and Mr. Paoli to pay IMI $14,148.60 for IMI's attorneys' and costs associated with Mr. Paoli's nonappearance.

March 17, 2021                                        Respectfully submitted,

                                                      */s/ Justin S. Cohen*
**Justin S. Cohen**
  State Bar No. 24078356
  Justin.Cohen@tklaw.com
**Richard L. Wynne Jr.**
  State Bar No. 24003214
  Richard.Wynne@tklaw.com
**Dina W. McKenney**
  State Bar No. 24082809
  Dina.McKenney@tklaw.com
**Catherine Reynolds**
  State Bar No. 24107599
  Catherine.Reynolds@tklaw.com

**THOMPSON & KNIGHT LLP**
One Arts Plaza
1722 Routh St., Suite 1500
Dallas, Texas 75201
214.969.1700
214.969.1751 (Fax)

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF CONFERENCE

    I certify that counsel for IMI has made a good faith attempt to resolve the matters presented in this Motion with counsel for Defendants. Defendants are opposed to the relief sought herein.

                                                     */s/ Dina W. McKenney*
                                                      Dina W. McKenney