# EXHIBIT 5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **Impulsora de Marcas e Intangibles, S.A. de C.V.**,<br><br>Plaintiff,<br><br>vs.<br><br>**Dos Amigos, Inc.**, and **Pafer Foods & Beverages, S. de R.L. de C.V.**,<br><br>Defendants. | Civil Case No. 6:19-cv-00453-ADA-JCM |

## EXPERT REPORT AND DECLARATION OF MARCUS D. READING

I, Marcus D. Reading, declare under the penalty of perjury as follows:

1. I am a principal of Intellion Analytics Group LLC, which is an independent economic consulting firm that provides financial, economic, valuation, and expert services to law firms, corporations, universities, and individuals in the context of litigation. I have personal knowledge of the facts and opinions stated herein, and if called to testify as a witness, I could and would testify competently thereto.

2. Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), I am a witness who Defendants in the above-referenced action—Dos Amigos, Inc. ("Dos

1

Amigos") and Pafer Foods & Beverages, S. de R.L. de C.V. ("Pafer")—may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

3. I have been retained by Dos Amigos, Inc. ("Dos Amigos") in the above-captioned matter. I have been asked to offer an opinion regarding the financial and economic damages related to the assertions made by Impulsora de Marcas e Intangibles, S.A. de C.V., ("IMI" or "Plaintiff") in the above-captioned matter against Dos Amigos, Inc., and Pafer Foods & Beverages, S. de R.L. de C.V. (collectively "Defendants").

4. Pursuant to Rule 26(a)(2)(B), as I was retained to provide expert testimony, this written report is prepared and signed by me, and contains a complete statement of all opinions I will express and the basis and reasons for them, the facts and/or data considered by me in forming them, and any exhibits that will be used to summarize or support them.

5. I am the founder of Intellion Analytics Group, LLC ("Intellion Analytics") in Austin, Texas. Intellion Analytics conducts economic and financial analysis for a wide variety of clients across a number of industries. Prior to founding Intellion Analytics, I worked for Applied Economics Consulting Group, managing the intellectual property litigation practice. Prior to working with Applied Economics, I worked for FTI Consulting in their Intellectual Property practice. I have a bachelor's degree in Economics with Mathematics from Hampden-Sydney College and Master of Business Administration degree from the McCombs School of Business at The University of Texas at Austin. I am certified by NACVA (National Association of Certified Valuation Analysts) and hold a CVA (Certified Valuation Analyst). I am a member of the Licensing Executive Society (LES) and hold a CLP (Certified Licensing Professional) designation

issued by this organization.

6.  I have significant experience with corporate financial analysis and the assessment of economic damages. I have been engaged to assist in the analysis of damages claims in intellectual property matters, to review and prepare evaluations of economic damage claims, to present written reports and to provide deposition and trial testimony regarding these matters. I have relevant experience in and an understanding of the economic issues present in this matter, and both my academic and professional experiences qualify me to present this report.

7.  Pursuant to Rule 26(a)(2)(B)(iv), a copy of my professional resume is attached to this report as Appendix A. Attached, as Appendix B, is a listing of cases in which I have testified in the last four years. I do not have any publications in the past ten years. Pursuant to Rule 26(a)(2)(B)(vi), Intellion Analytics is being compensated at the rate of $385 per hour for work on this matter. Intellion Analytics' fee is not contingent upon the outcome of this proceeding nor upon reaching any particular conclusion or opinion.

8.  The materials I reviewed for this Report and Declaration include all documents, materials and/or information referenced hereinbelow, including: (a) Plaintiff IMI's Amended Complaint (ECF No. 61), including all exhibits thereto; (b) Defendant Dos Amigos' Answer and Counterclaims (ECF No. 64). Some information I considered was obtained via oral discussions with representatives of Defendants and/or others including Pablo Paoli and Defendants' counsel.

9.  This action concerns competing apple-flavored beverages and allegations of infringement under the federal Lanham Act. Plaintiff's allegations include that Defendants have used their SIDRAL GALA brand and product label in ways which have caused a likelihood of confusion with Plaintiff's SIDRAL

MUNDET brand and product label.

10. Defendant Dos Amigos alleges in counterclaims that Plaintiff changed its SIDRAL MUNDET product label in a way which caused a likelihood of confusion with Dos Amigos' SIDRAL GALA product label.  Specifically, Dos Amigos alleges that "IMI's adoption and use of a confusingly similar label for its SIDRAL MUNDET bottles as compared to DA's SIDRAL GALA bottle label has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that IMI's goods are manufactured or distributed by DA, or are affiliated, connected, or associated with DA, or have the sponsorship, endorsement, or approval of DA."

11. Under the Lanham Act, 15 U.S.C. § 1117(a), a party who establishes liability for infringement (occurring in the United States) may collect a financial recovery including "defendant's profits" and/or "any damages sustained by the plaintiff."  I understand that this action involves claims only to "profits," not any "damages."  I understand that "an important requirement of an award of disgorgement is that the plaintiff must prove that the defendant's sales are attributable to the infringing conduct."  *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1408 (9th Cir. 1993).

12. Further, the statute requires, "In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed."  I understand that deductible costs are those related to the production and sale of the accused infringing products.

13. My role is to apply this statute and assess the financial calculations required to determine—assuming liability—the profits of each Defendant (on Plaintiff's claims), and of Plaintiff (on Dos Amigos' counterclaims).

14. As follows are the opinions I will express and the basis and reasons for them, the facts and/or data considered by me in forming them, and any relevant exhibits that may be used to summarize or support them.

**Profits to Defendant Dos Amigos**

15. Defendant Dos Amigos distributes and sells the accused infringing SIDRAL GALA products within the United States. Dos Amigos purchases the SIDRAL GALA products in Mexico from Defendant Pafer, who produces, bottles, sells and distributes the accused infringing SIDRAL GALA products, entirely within Mexico. Although I understand that the profits of Pafer may not be reachable via this lawsuit in the United States, I have assessed the attributable profits of Pafer as well, hereinbelow.

16. I am informed that Dos Amigos has been selling the accused infringing SIDRAL GALA products in the United States since 2017. To date since the first sale of these products, Dos Amigos' total sales revenues for these products is █████████. *See* Exhibit MDR-1.

17. In order to calculate Dos Amigos' revenue and profits associated with the SIDRAL GALA products, we reviewed the Dos Amigos financial statements which detail the revenue and costs for all the Dos Amigos brands, including SIDRAL GALA. I have included all revenues associated with the Gala brand, as I understand all products in this category are at issue in this case. I then include all Cost of Sales categories related to the Gala brand to calculate the Gala Gross Margin. Dos Amigos tracks operating expenses by brand as well, so I have included all operating expenses associated with the Gala brand. In addition, Dos Amigos has a number of operating expenses that are non-branded, corporate level expenses. I have allocated the Gala percentage of these expenses, using the Gala

5

percentage of Total Revenue.  *See* Exhibit MDR-1A.

18.     To date, Dos Amigos' total operating profit (loss) for the SIDRAL GALA products in the United States is ▬▬▬▬▬▬.  *See* Exhibit MDR-1.

**<u>Profits to Defendant Pafer</u>**

19.     As discussed hereinabove, Defendant Pafer produces, bottles, sells and distributes the accused infringing SIDRAL GALA products, entirely within Mexico.  Defendant Dos Amigos is the only United States distributor of the accused infringing SIDRAL GALA products, all of which it buys in Mexico from Pafer.

20.     Pafer has been selling the accused infringing SIDRAL GALA products to Dos Amigos since 2017.  To date, Pafer's total sales revenues for these products is ▬▬▬▬▬▬.

21.     In order to calculate Pafer's revenue and profits associated with the SIDRAL GALA products, we reviewed the Pafer financial statements[1] which detail the revenue and costs for all the Pafer brands, including Gala.  I have included all revenues associated with the Gala brand, as I understand all products in this category are at issue in this case.  I then include all Cost of Sales categories related to the Gala brand to calculate the Gala Gross Margin.  Pafer tracks operating expenses by brand as well, so I have excluded non-Gala related operating expenses.  All operating expenses provided are corporate level expenses.  I have allocated the Gala percentage of these expenses, using the Gala percentage of Total Revenue.  *See* Exhibit MDR-2A.

22.     To date, Pafer's total operating profit (loss) for the SIDRAL GALA

---

[1] DA PFB PL 1 to 12 2016 to 2020.xlsx

products in the United States is ▮▮▮▮▮▮▮. *See* Exhibit MDR-2.

### **Profits to Plaintiff IMI**

23. As discussed hereinabove, on its claim against Plaintiff IMI for its accused infringing SIDRAL MUNDET product label, Dos Amigos need only state IMI's sales attributable to the infringing conduct. Once stated, it is the burden of IMI to "prove all elements of cost or deduction claimed." Therefore, my role here is to simple state IMI's accused infringing sales.

24. IMI has produced financial statements that detail the sales of the accused SIDRAL MUNDET products.[2] It is my understanding that IMI changed the label for SIDRAL MUNDET to more closely resemble Dos Amigos' original labeling in 2018.

25. Based on the documentation produced to date by IMI in this action revenues for SIDRAL MUNDET starting in 2018 through September 2020 were ▮▮▮▮▮▮▮. *See* Exhibit MDR-3.

Pursuant to 28 U.S.C. 1746, I hereby declare under penalty of perjury under the Laws of the United States of America that the foregoing is true and correct. If called to testify, I could and would competently do so.

Executed on this 12th day of February 2021 at Austin, Texas.

_____

---

[2] IMI_DA_0001066, IMI_DA_0001067.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 12, 2021, I served the foregoing document via email pursuant to Fed. R. Civ. P. 5(b)(2)(E) on counsel for Defendant.

                                                    /s/ Stephen M. Lobbin

# MARCUS D. READING, MBA, CLP, CVA

INTELLION ANALYTICS GROUP
3267 Bee Cave Road
Suite 107-324
Austin, Texas  78746
512-806-7610
marcus.reading@intellionanalytics.com
www.intellionanalytics.com

## EDUCATION

Masters of Business Administration, The University of Texas at Austin, 2010

B.A., Economics with Mathematics, Hampden-Sydney College, 2000

General Course, London School of Economics, 1999

## WORK EXPERIENCE

Intellion Analytics Group LLC,  2018 to Present

> Provide financial, economic and litigation consulting services and expert witness services to clients in a wide variety of industries. Litigation consulting and support services focus primarily on damage analyses for intellectual property matters as well as complex commercial litigation matters.

Applied Economics Consulting Group, Inc.,       2006 to 2017

> Provide financial, economic and litigation consulting services to clients in a wide variety of industries. Litigation consulting and support services focus primarily on damage analyses for complex commercial litigation matters and economic analyses for antitrust and intellectual property matters.

FTI Consulting, Inc. 2002-2006

> Provide financial analysis and litigation consulting services to clients in a wide variety of industries. Litigation consulting and support services focus primarily on damage analyses for complex commercial litigation matters and economic analyses for breach of contract and intellectual property matters.

Technology & Financial Consulting, Inc., 2001 - 2002

> Technology & Financial Consulting was acquired by FTI Consulting in January 2002.

Sands Brothers & Co., Ltd. 2000 – 2001

> Develop and service client relationships with high net worth individuals. Assist with portfolio management and trading activities for client portfolios. Assist analysts with stock research analysis.

## AWARDS AND HONORS

Certified Licensing Professional (CLP)

Certified Valuation Analyts (CVA)

Member, National Association of Certified Valuation Analysts (NACVA)

Member, Licensing Executives Society (LES)

Phi Beta Kappa, Hampden-Sydney College, 2000

**Marcus D. Reading**
MBA, CVA, CLP

**Testimony September 2017-Present**
**Past 4 Years**

Appendix B

| | Case Style | Venue | Case Number | Report | Depo | Trial |
|---|---|---|---|---|---|---|
| 1 | Freshub, Inc. and Freshub, Ltd. v Amazon.com, Inc., Amazon Digital Services, Prime Now, LLC and Whole Foods Market Services, Inc. | United States District Court for the Western District of Texas Waco Division | 6:19-cv-885-ADA | 1 | | |
| 2 | Monarch Networking Solutions LLC v Cisco Systems, Inc., Charter Communications, Inc. | United States District Court for the Eastern District of Texas Marshall Division | 2:20-cv-00015 | 1 | | |
| 3 | NexStep, Inc. v Comcast Communications LLC | United States District Court for the District of Delaware | 1:19-cv-01031 | 1 | | |
| 4 | ESW Holdings Inc. v Roku, Inc. | United States District Court for the Western District of Texas Waco Division | 6:19-cv-00044 | 1 | 1 | |
| 5 | Michelle Vorwerk v HEB Grocery Company L.P. d/b/a H-E-B, ACS Corrections of Texas LLC, Austin Transitional Center, Avalon Correctional Services, Inc. Edward Roy Bennet, Southern Corrections of Austin LLC, Texas Department of Criminal Justice, 3M Electronic Monitoring, Inc., Universal Protection Service GP, Inc., and Universal Protection Service L.P. | District Court 53rd Judicial District Travis County, Texas | D-1-GN-16-002300 | 1 | | |
| 6 | MicroSource LLC and Gavilon Fertilzer LLC v EcoWorld Group LLC d/b/a Presidion Ag; Eco Agra Resources, LLC and Thomas Stanton | United States District Court for the Northern District of Iowa, Western Division | 5:19-cv-04016-CJW-MAR | 1 | | |
| 7 | Tommie Scott v Bao Tran a/k/a Tran Bao Hoai d/b/a "Bao Transportation" et al. | District Court of Reeves Ccounty, Texas 143rd Judicial District | 18-10-22625-CVR | 1 | | |
| 8 | Dawn Bowen and Kenneth Bowen v. Heather Bartos M.D. and BE. Women's Health & Wellness, PLLC | District Court of Denton County, Texas 431st Judicial District | 18-1122-431 | 1 | | |
| 9 | Dr. Keith Bell, Ph.D. v. Oakland Community Pools Project Inc. | United States District Court Northern District of California | 3:19-cv-01308 | 1 | | |
| 10 | Dr. Keith Bell, Ph.D. v. Worthington City School District | United States District Court Southern District of Ohio | 2:18-cv-961 | 1 | | |
| 11 | J&M Industries, Inc. v. Raven Industries, Inc. | United States District Court for the District of Kansas | 16-02723-JWB-KGG | 2 | 1 | |
| 12 | Apicore US LLC and Mylan Institutional LLC v. Beloteca, Inc. | United States District Court for the Eastern District of Texas Marshall Division | 2:19-cv-00077 | 1 (Declaration) | | 1 (Hearing) |

**Marcus D. Reading**
MBA, CVA, CLP

**Testimony September 2017-Present**
**Past 4 Years**

Appendix B

| | Case Style | Venue | Case Number | Report | Depo | Trial |
|---|---|---|---|---|---|---|
| 13 | Finalrod IP, LLC and R2R and D, LLC D/B/A Superod v. John Crane, Inc., John Crane Production Solutions, Inc., and Endurance Lift Solutions, LLC | United States District Court for the Western District of Texas Midland Division | 7:15-cv-00097 | 3 | 1 | |
| 14 | Ford Global Technologies LLC v New World International, Auto Lighthouse Plus LLC and United Commerce Centers Inc. | United States District Court for the Northern District of Texas Dallas Division | 3:17-cv-03201 | 1 | 1 | 1 |
| 15 | BCTEC Corporation | | | 1 | | |
| 16 | Radiant Plumbing Service, Inc. v Reliant Plumbing & Drain Cleaning, LLC and Max Hicks | United States District Court for the Western District of Texas Austin Division | 1:17-cv-274-LY | 1 | | |
| 17 | Perfect Getaways Ltd. v HomeAway, Inc., HomeAway Sarl and HomeAway UK Ltd. | District Court Travis County, Texas 98th Judicial District | D-1-GN-16-001451 | 2 | | |
| 18 | Arbitration under the Arbitration Act, 1991 SO 1991, c17, between Hao Wen and Yuqing Zou | Arbitration Pending in Toronto, Ontario | | 1 | 1 | |